IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00679-BNB

DAVID J. SMITH-EL,

Applicant,

v.

KIRK TAYLOR, Pueblo Co. Det. Center,
PUEBLO, DEN. COLO. SHERIFFS DEPTS,
D.O.C. CORRECTIONAL OFFICERS,
P.O.'S COLO. STATE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER OF DISMISSAL

Applicant, David J. Smith-El, currently is incarcerated at the Pueblo County, Colorado, detention facility. He initiated this action by submitting *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.

In an order filed on April 3, 2008, Magistrate Boyd N. Boland ordered Mr. Smith-El to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Smith-El was directed to submit on the proper, Court-approved form an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and to submit a certified copy of his trust fund account statement.

On April 17, 2008, in response to the April 3, 2008, order to cure, Mr. Smith-El submitted an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He also submitted another uncertified copy of his trust fund account statement as an attachment to a letter he submitted on April 17 as well.

Mr. Smith-El has failed within the time allowed to cure the designated deficiencies as directed, i.e., he has failed either to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing or to pay the $5.00 filing fee.

Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 also notes the requirement for a certified copy of an inmate's trust fund account statement. The April 3, 2008, order warned Mr. Smith-El that if he failed to cure the designated deficiencies within the time allowed, the application and the action would be dismissed without further notice. Accordingly, it is

ORDERED that the amended habeas corpus application is denied and the action is dismissed without prejudice for failure to cure. It is

FURTHER ORDERED that the motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 is denied as moot.

DATED at Denver, Colorado, this 15 day of May, 2008.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00679-BNB

David J. Smith-El
Prisoner No. 241301
CMHIP - F4
1600 W. 24th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/16/09

                                GREGORY C. LANGHAM, CLERK

                          By: _____
                                    Deputy Clerk